# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOBBY BRIGHTWELL, | Civil Action No. 15 – 77E |
| Plaintiff, | |
| v. | District Judge Kim R. Gibson |
| | Magistrate Judge Lisa Pupo Lenihan |
| COMMONWEALTH OF PENNSYLVANIA, | |
| Defendant. | |

## MEMORANDUM ORDER

Plaintiff Bobby Brightwell[1] initiated this action on March 10, 2015 by submitting for filing a "Supplemental Emergency Relief" Motion seeking relief under the Americans with Disabilities Act, which this Court construed as a Petition for Writ of Mandamus. (ECF No. 1.) Based on the seriousness of the allegations contained within Plaintiff's Motion, specifically that he was being denied his insulin medication, the Court directed the Attorney General's (AG's) Office to file an immediate response to the Motion, and said response was filed shortly thereafter. (ECF No. 3.)

The response indicates that Plaintiff has never been denied his insulin, but instead refused to go to medical for his mediations, including insulin, after he was caught hoarding self-

---

[1] Bobby Brightwell was sentenced to life in prison for a robbery and murder he committed in 1975. He has claimed to have suffered from serious medical conditions and has long maintained that prison officials have been deliberately indifferent to his medical needs. His allegedly unattended-to conditions include: diabetes, a skin condition called keratosis pilaris, extreme liver and kidney pain, blurred vision, and severe "imploding-type" migraines caused by "a capsule" mistakenly left in his right eye during a botched cataract surgery in 1999. See Brightwell v. Leham, 637 F.3d 187, 189 (3d Cir. 2011).

administered medication and was put on direct observation for all medications. Thus, they submit that Plaintiff made the decision to stop taking his insulin.

Plaintiff filed a response in opposition to the AG's response (ECF No. 8) claiming that he is falsely imprisoned and that his medication and insulin were taken from him because he refuses to sign a Commitment Order. He also denies all other averments in the AG's response.

Although Plaintiff has not yet submitted a motion for leave to proceed *in forma pauperis* or paid the filing fee to proceed in this action, the Court takes judicial notice that Plaintiff may not proceed *in forma pauperis* because he has already accumulated three strikes within the contemplation of 28 U.S.C. § 1915(g),[2] which provides in relevant part that

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (as amended).

In sum, under the three strikes rule, a prisoner who, on three or more prior occasions while incarcerated, has filed an action in a federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied IFP status unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).[3]

Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g), and the Third Circuit Court of Appeals has specifically held that Plaintiff is barred from obtaining *in forma pauperis*

---

[2] See Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001) (noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule"), *cert. denied*, 533 U.S. 953 (2001).

[3] The Third Circuit Court of Appeals has held that dismissals based on "frivolousness" that occurred prior to the passage of the PLRA are to be included amount the three strikes under section § 1915(g). See Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 144-45 (3d Cir. 1997).

status under § 1915(g). See Brightwell v. Lehman, C.A. No. 07-3917 (3d Cir. Order filed Feb. 9, 2011) (referencing the district court's October 30, 2003 Report and Recommendation to which Magistrate Judge Sensenich explained that Brightwell, a "litigious prisoner", was ineligible for *in forma pauperis* status because of his history of filing frivolous suits; specifically he had filed seventeen actions in Pennsylvania district courts.)

To satisfy the imminent danger exception to the rule, a plaintiff must allege facts showing that they were in imminent danger at the time the complaint was filed; allegations that the prisoner has faced imminent danger in the past are insufficient to trigger the exception to section 1915(g). See Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001) (overruling Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997)). In making this determination, the court should construe all allegations in a complaint in favor of the plaintiff. Gibbs v. Cross, 160 F.3d 962, 965 (3d Cir. 1998); Gibbs v. Roman, 116 F.3d at 86. The Third Circuit Court of Appeals has instructed that:

> "[i]mminent dangers are those dangers which are about to occur at any moment or are impending. By using the term "imminent," Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred. The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a complaint I.F.P. if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee.

Abdul-Akbar, 239 F.3d at 315 (internal citations omitted).

In addition, in upholding the constitutionality of section 1915(g), Judge Easterbrook, writing for the Court of Appeals for the Seventh Circuit, found as follows.

> . . . A prisoner who suffers a threat to (or deprivation of) fundamental rights has ready access to the courts. Consider the list of options:
>
> 1. Pay the filing fee under 28 U.S.C. § 1914 using assets on hand.

3

2. Save up in advance to be able to pay the fee in a lump sum. (This would have taken Lewis about two months, had he deemed the litigation sufficiently important to justify using all of his income for this purpose.)

3. Refrain from frivolous litigation and thus retain full advantage of § 1915(a), which authorizes suits without prepaying fees and costs.

4. Borrow the filing fee from friends or relatives.

5. Borrow the filing fee from a lawyer-for 42 U.S.C. § 1988 promises reimbursement of prevailing prisoners' legal expenses, and this plus a share of any recovery may well attract the assistance of counsel, who may (and often do) advance their clients' expenses in contingent-fee cases. . . .

6. Sue in state rather than federal court-for § 1915(g) does not apply in state court, and states must entertain § 1983 litigation on a parity with claims under state law.

7. If all else fails, a prisoner may sue without prepayment when "the prisoner is under imminent danger of serious physical injury." . . .

Congress was entitled to conclude that these seven options preserve adequate opportunities for prisoners to vindicate their fundamental rights. They show that § 1915(g) effects no real limit on access to courts by prisoners who use their options carefully and responsibly.

Not all of the options will be available all of the time. Prisoners who insist on both filing frivolous suits and spending their income as fast as they receive it, which Lewis has done, will find when they want to sue that options 1, 2, and 3 are closed. But Congress may take them into account, to encourage both thrift and refraining from abusive litigation. Even from an ex post perspective, however, options 4 through 7 are adequate. . . .

**Option 7, which allows suit without prepayment when "the prisoner is under imminent danger of serious physical injury", can serve its role as an escape hatch for genuine emergencies only if understood reasonably . . . The imminent-danger language must be read . . . as having a role in those cases where time is pressing and the prisoner is unable to pursue the other options in our list. When a threat or prison condition is real and proximate, and when the potential consequence is "serious physical injury," then the courthouse doors are open even to those who have filed three frivolous suits and do not have a penny to their name.**

Lewis v. Sullivan, 279 F.3d 526, 530-531 (7th Cir. 2002) (internal citations omitted) (emphasis

added).

Viewing Plaintiff's allegations in his Emergency Motion most generously, in combination with the response from the AG's Office and Plaintiff's response in opposition thereof, the Court concludes that Plaintiff has not met the threshold of showing an imminent danger of serious physical injury at the time he initiated this action by filing his Emergency Motion. (emphasis added). Therefore, for the aforementioned reasons,

**IT IS HEREBY ORDERED** that within thirty (30) days of the date of this Order, Plaintiff shall pay the full $400 filing fee if he desires to proceed with this action.[4] This action will be dismissed if Plaintiff fails to follow this Order.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: April 8, 2015.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc: Bobby Brightwell
 AM-5842

---

[4] On May 1, 2013, the cost of filing a new civil case in federal court increased to $400.00. This increase includes a $50.00 administrative fee in addition to the current $350.00 filing fee. The $50.00 administrative fee does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915; however, if *in forma pauperis* status is denied, the plaintiff will be required to pay $400. Thus, Plaintiff will be required to pay the full $400.00 if he wishes to proceed with this matter.

SCI Forest
PO Box 945
Marienville, PA  16239