# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOBBY BRIGHTWELL, ) | |
| ) | Civil Action No. 15 – 77E |
| Plaintiff, ) | |
| ) | |
| v. ) | District Judge Kim R. Gibson |
| ) | Magistrate Judge Lisa Pupo Lenihan |
| COMMONWEALTH OF ) | |
| PENNSYLVANIA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

The Court is in receipt of a letter from Brightwell dated May 25, 2015. (ECF No. 14.) The letter is a bit confusing, but from what the Court can gather, Brightwell maintains that the Court was incorrect in treating his Writ of Mandamus/Injunction as a filing pursuant to 42 U.S.C. § 1983 because in actuality he was seeking relief pursuant to 28 U.S.C. § 2241. He also states that he sent his Writ of Mandamus/Injunction to the wrong district court but the Court is unaware if he means that the filing this Court received was intended for another court or if he sent a filing to another court that was in fact intended for this Court. Because it is unclear what Brightwell means in his letter, hopefully the following procedural history will clarify any unnecessary confusion on his part.

On March 10, 2015, this Court received the following filings from Brightwell: (1) a document entitled "Supplemental Emergency Relief A.D.A.", wherein Brightwell complains that he has not received his insulin medication since February 27, 2015; (2) a document entitled

1

"Sworn Statement to Authorities", wherein Brightwell states that he was "kidnapped" from the Morgantown West Virginia Federal Prison System; (3) a document entitled "Letter of Instruction" addressed to the Prothonotary; and (4) a document entitled "Post Conviction Collateral Review" that is captioned "In the Delaware County Court of Common Pleas". (ECF No. 1.) This Court's Intake Office docketed the aforementioned filings in the above-captioned case number and opened this matter as a prisoner civil rights action.

Because of the severity of Brightwell's allegations about not receiving his insulin medication, the Court directed the Attorney General's office to look into the matter and file an immediate response. Such response indicated that Brightwell had never been denied his insulin. (ECF No. 3.) However, Brightwell responded denying the AG's averments and filed eighty-six pages worth of medical and grievance records to support his position. (ECF No. 8.) Unrelated to his response regarding his medical issues, he also stated that he was falsely imprisoned.

The Court then entered an Order requiring Brightwell to pay the full $400.00 filing fee if he wished to proceed with this action because he was barred from obtaining *in forma pauperis* status under 28 U.S.C. § 1915(g), the "three strikes" statute. (ECF No. 9.) Instead of paying the filing fee, Brightwell responded with a "Writ of Traverse/Precipe (APA)". (ECF No. 12.) In this document, Brightwell claimed that he was attempting to challenge the legality of his detention pursuant to 28 U.S.C. § 2241, and that he only filed the documents complaining of his medical treatment "in Supplement to this Court's Original and Exclusive Jurisdiction". He stated that he was not trying to initiate a prisoner civil rights action and was not filing a habeas action pursuant to 28 U.S.C. § 2254 "because there is no [underlying state] court conviction". The Court then ordered Brightwell to show cause why this case should not be dismissed for his failure to pay the

filing fee by May 8, 2015, as directed in the Court's prior Order. (ECF No. 13.) The Court assumes that Brightwell's letter is in response to this Court's Order to show cause.

To the extent Brightwell is challenging the legality of his detention and wishes to proceed under 28 U.S.C. § 2241, he will be required to file an actual Petition for Writ of Habeas Corpus. However, the Court takes judicial notice that Brightwell is not a federal prisoner, nor a pretrial detainee, and thus cannot challenge the legality of his detention under 28 U.S.C. § 2241. Despite his contentions, Brightwell is a Pennsylvania state prisoner serving a sentence imposed by a Pennsylvania state court. Therefore, the only means by which he can challenge his detention is through a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. If he wishes to do this, he should fill out and submit the attached form petition to the appropriate district court. According to the Department of Corrections online inmate locator portal, Brightwell is serving a sentence out of Delaware County, Pennsylvania, which is located in the Eastern District of Pennsylvania. Thus, Brightwell must file his habeas petition in that district.

**IT IS HEREBY ORDERED** that no later than June 30, 2015, Mr. Brightwell is to pay the $400 filing fee to file the current action challenging his medical care. Failure to do so will result in a dismissal of this action without further notice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: June 2, 2015.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc: Bobby Brightwell
AM-5842
SCI Forest
PO Box 945
Marienville, PA  16239